[No. 2595. Decided December 30, 1897.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES McCULLUM, *Appellant*.

CRIMINAL LAW — CONFESSIONS — ADMISSIBILITY — UNLAWFUL MEANS OF FORCING CONFESSIONS.

Where separate trials have been awarded two defendants jointly charged with the commission of a crime, the confession of one of them is inadmissible in evidence against the other, when the latter was in custody and forced by the officers in charge to listen, against his will, and there was no acquiescence on his part to the confession of his alleged confederate.

A confession extorted from an accused person by keeping him in a dark cell until he is thereby induced to make a confession is not admissible in evidence, under Code Proc., § 1308 (Bal. Code. § 6942), making confessions under inducement admissible, " except when made under the influence of fear produced by threats."

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge. Reversed.

*John F. Dore, Daniel T. Cross*, and *Hiram J. Jacobs*, for appellant.

*James F. McElroy*, Prosecuting Attorney, and *John B. Hart*, for The State.

The opinion of the court was delivered by

GORDON, J.—The appellant and one John Wilson were jointly charged with burglarizing a saloon building in the city of Seattle and stealing therefrom a quantity of cigars. The appellant, having been awarded a separate trial, was found guilty and sentenced to eight years in the penitentiary, and from the judgment of conviction has appealed to this court. A single error is relied upon for reversal. Upon the trial the chief of police of the city of Seattle, to whose custody the defendants had been committed, was a

witness for the prosecution and upon his direct examination testified that Wilson had confessed to him. From his testimony we quote:

" I had Wilson brought from his cell to my office and he told me that on the day preceding the burglary McCullum and the other man put up the job and asked him to participate, and that he, Wilson, consented; that McCullum entered the place through the transom over the front door and came out the side door, having unlocked the same from the inside, and deposited the cigars stolen where they were found. I sent for McCullum, and asked him what he had to say in relation to the matter, and he denied all knowledge of the transaction; I asked Wilson to repeat his story, which he did once more in McCullum's presence."

Upon cross-examination witness testified as follows:

" Q.—You had McCullum placed in what is known as the dark cell in order to extort a confession?

A.—I had him placed in a dark cell, yes, sir.

Q.—That cell is known in police circles as the sweat box, is it not?

A.—I believe so.

Q.—You kept McCullum in that dark cell for several days, did you not?

A.—Yes, sir.

Q.—And *either you or one of your officers visited him daily, and asked him if he was ready to confess?*

A.—Yes, sir.

Q.—If he had made a confession he would have had better quarters, that is you would have taken him out of the dark cell?

A.—Yes, sir.

Q.—Did you offer Wilson any inducement to confess?

A.—No.

Q.—Did you make any threat to him?

A.—No, sir.

Q.—You kept him in a dark cell until he confessed?

A.—Yes, sir.

Q.—Then he had better quarters?

A.—Yes, sir.

Q.—Who was present on the occasion of the confession of Wilson?

A.—Wickham, one of the officers.

Q.—State to the jury how you brought McCullum in the presence of Wilson when you were to have Wilson confess?

A.—I sent for McCullum and when he was in the presence of Wilson I said: "Now I want you to tell me the truth about this matter," and he denied all knowledge of the affair. I then made Wilson tell his story, and he did so, and after he finished I then turned to McCullum and asked him what he had to say to that, and he said there was nothing in it, and I sent him back to the dark cell.

Q.—Did McCullum voluntarily listen to statement of Wilson?

A.—No, sir; he was under arrest, and *was forced to listen* to all Wilson said.

Q.—Is it not a fact that you had Wilson repeat his confession in the presence of McCullum so as to be able to offer it in court against McCullum when his trial came on?

A.—Yes, sir.

Motion is now made to strike all of the confession of Wilson from the case on the ground that same is incompetent. Argument. Motion is denied by the court."

The statute of this state has somewhat modified the rule of the common law on the subject of confessions. Section 1308, 2 Hill's Code (Bal. Code, § 6942), is as follows:

" The confession of a defendant made under inducement, with all the circumstances, may be given as evidence against him, except when made under the influence of fear produced by threats; but a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony."

The word " threats " as used in this statute includes not only verbal expressions, but also acts. Actual threats producing fear, and constructive threats occasioned by acts

and conduct effecting a like result, are equally within the statute.

We think the motion of appellant's counsel to exclude the testimony of the witness Reid should have been granted. As the legal custodian of these prisoners, the chief of police was only authorized by law to confine and safely keep them to the end that their attendance might be secured at the trial. To keep an accused person in a dark cell in order thereby to obtain a confession from him is to punish him for refusing to confess, and the act of so keeping him constitutes in itself a continuing threat. To say that the law will not permit a confession made under such circumstances to be given in evidence is to state a proposition which needs neither argument nor authorities in its support. The mere statement of the proposition carries its own argument. It appeals to our sense of fairness. A person who has been induced by fear to make a confession is not bound by such confession, and the practice of extorting confessions from persons accused of crime by confining them in dark cells until a confession is wrung from them, is a practice that can not be condemned too strongly. It can not receive judicial sanction.

The statement made by Wilson should have been excluded for another reason. Ordinarily the confession of a defendant may be introduced in evidence against him as an admission of guilt or of facts from which guilt is inferable. But it is admissible only against the party making it and is inadmissible as against any one else. The fact that in this case Wilson's statement was made in the presence of the appellant and directed in part to the appellant did not thereby render it admissible. The fact that it was so made loses force when we come to consider that appellant was not voluntarily present, did not acquiesce in it, and was obliged to remain and listen to it whether he would

or not. Under such circumstances the unsworn statement of Wilson could not bind the appellant.

That the evidence aside from the so-called confession is sufficient to sustain the verdict we are unable as a matter of law to declare. Under our law it is not within the power of the court in a criminal case to direct a verdict of guilty, and the guilt of a defendant can be ascertained only through the medium of a jury. The appellant in this case did not take the stand in his own behalf, and made no admissions during the course of the trial. What importance the jury attached to the testimony of the witness Reid it is impossible for us to determine. It is enough that the testimony referred to was incompetent, and well calculated to prejudice the jury against the appellant.

While it is important that the appellant, if guilty, be punished for his crime, it is of greater importance that settled principles designed for the welfare and protection of life and liberty should not be overthrown.

The judgment will be reversed and the cause remanded for a new trial.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.