[No. 2908. Decided April 27, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHNNY TOMMY, *an Indian*, AND CHARLEY MOSES, *an Indian*, *Appellants*.

MURDER — SUFFICIENCY OF INFORMATION — OATH TO JURY — INSTRUCTIONS — SEPARATION OF JURY — RECORD — APPEAL.

An information charging murder sufficiently describes the crime, when it alleges that defendant "did purposely and of deliberate and premeditated malice, kill one Kelly Annan, as follows" (describing the manner of killing), although the information does not allege that the particular acts or instrumentalities of the killing were done unlawfully, with deliberate and premeditated malice.

An oath obligating the jury to try a criminal case before them "according to the law and the evidence as given on the trial," is not prejudicial error, even if they are erroneously instructed as to the law upon a matter which is necessarily harmless to defendant.

The action of the trial court in overruling an application for continuance will not be considered on appeal, in the absence of a statement of facts.

Alleged errors in instructions as to evidence will not be considered on appeal, in the absence of a statement of facts.

In a prosecution of two defendants jointly, the failure of the court to instruct that a confession of one cannot be considered against his co-defendant, is not error, when the state expressly disavowed in open court any application of the confession as against the one not joining in it and when there were instructions as to what must be found against each defendant to warrant a verdict against him.

The jury in a criminal case may, at any time before the submission of the cause to them, be allowed to separate, under the authority of Code Proc., § 359 (Bal. Code, § 4999.)

Appeal from Superior Court, Skagit County.—Hon. J. P. HOUSER, Judge. Affirmed.

*Sinclair & Smith,* and *Chambers & Smith,* for appellants.

*I. E. Schrauger,* Prosecuting Attorney *(E. P. Barker,* of counsel), for The State.

The opinion of the court was delivered by

DUNBAR, J.—The appellants were tried for the crime of murder in the first degree. The information was as follows:

" Comes now I. E. Shrauger, prosecuting attorney for Skagit county, state of Washington, and informs this court by this information, that the above named Johnny Tommy (an Indian) and Charley Moses (an Indian), then and there being, did on or about the 5th day of May, 1897, within one year last past, in the county of Skagit, state of Washington, purposely and of deliberate and premeditated malice, kill one Kelly Annan (an Indian), as follows, to-wit: The said Johnny Tommy (an Indian) and Charley Moses (an Indian) did then and there being knock the said Kelly Annan (an Indian) down with an axe, then and there being, did cut his throat with a pocket knife, and then and there being did tie a weight, viz., a sack of sand, to the body of the said Kelly Annan (an Indian) and throw the said Kelly Annan (an Indian) into the Skagit river, from which said wounds and acts the said Kelly Annan (an Indian) died, in said Skagit county, state of Washington; contrary to the statutes," etc.

Upon the trial of the cause the appellants were found guilty of manslaughter and sentenced to a term in the penitentiary. A demurrer was duly interposed to the information on the grounds, first, that the same does not substantially conform to the requirements of the law; second, that more than one crime is charged therein; third, that the facts charged therein do not constitute a crime; and fourth, that the same contains matters which, if true, constitute a defense and a legal bar to this action. The appellant, however, assigns for his first error the fact that the court overruled the demurrer to the information because

the same does not state facts sufficient to constitute a crime. The substance of the argument is that the indictment, while it alleges that the defendants purposely and of deliberate and premeditated malice killed Kelly Annan, does not allege that the particular acts or instrumentalities of the killing were done with malice deliberate and premeditated or that they were unlawfully done. We do not think this contention can be sustained. If the killing was done with malice it must necessarily follow that the particular acts which constituted the murder must have been done with malice. No good purpose can be subserved by holding to these technical requirements of the common law. This court has held time and again that these requirements have been displaced by the liberality and common sense provisions of our statutes. It is true that the statute requires particularity in the crime charged, but this indictment would not have furnished the defendants with any more particular notice of the real crime that was charged had it been burdened with the repetition of language which the appellants claim should have been employed. Our statute provides that the indictment or information is sufficient if it can be understood therefrom that the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. Tested by the requirements of the statute, this information is sufficient to convey to the defendant notice of the exact crime with which he is charged, for no one would have the hardihood to say that a person of reasonable understanding would not know what was intended by this information. The case of *State v. Day*, 4 Wash. 108 (29 Pac. 984), cited by the appellant, is not in point, for there the objection which was sustained to the indictment was that it did not allege that the defendant

purposely and of his deliberate and premeditated malice killed the deceased.

The next objection is to the form of the oath administered to the jury, which was as follows:

" You and each of you do solemnly swear that you will well and truly try and a true deliverance make in the case now on trial before this court, in which the state of Washington is plaintiff and Charley Moses and Johnny Tommy are defendants, according to the law and the evidence as given you on the trial; so help you God."

We think there can be no objections to this oath. It is contended, however, by the appellant that the oath was prejudicial when taken in connection with instruction No. 38, which was as follows:

" I further instruct you that if you find from the evidence in this case and beyond a reasonable doubt that Charley Moses made an admission or confession of guilt to any one, either by word or conduct, and you further find that such confession or admission was freely and voluntarily made and that there was no undue influence brought to bear upon him to induce him to do so, then I instruct you that you are entitled to take such fact into consideration and give to it such weight as you think it entitled to under the circumstances at the time; but if you believe that such admissions, if any, were made under threats, duress or undue influence, then I instruct you that if you so find, it would be your duty to wholly disregard such testimony and not allow it to have any influence upon your deliberations in this case."

Without passing upon the legality of these instructions, it is sufficient to say that the testimony introduced in relation to this confession was admitted without objection, save that it should not apply to the other defendant, and the brief portion of the statement which was sent up, and which includes the testimony in regard to the confession,

18—19 WASH.

shows that there was no testimony whatever in relation to confession under compulsion or fear, and the error, if any was committed, must necessarily have been harmless to the defendants; if either side was prejudiced by the instruction it was the state.

The third assignment is to the effect that the court erred in overruling defendants' motion for a continuance. An affidavit of continuance, which it is not necessary to set forth here, was filed and overruled. In the absence of a statement of facts we are unable to say that the court abused its discretion in overruling this affidavit. It was objected that the court erred in instructing the jury that " any evidence with reference to any settlement of the alleged killing according to the Indian customs is no defense to this action. Such evidence, if any you find, was admitted in this case for another purpose." In the absence of a statement of facts there is no way in which this court can determine whether or not such instruction was erroneous.

It is also contended that the court erred in instructing the jury in relation to the confession which we have just noticed, without proceeding further and instructing the jury that the alleged confession of Charley Moses could not be considered by them as against Johnny Tommy, and especially as the state disavowed any application of the confession to him. For the very reason, it seems to us, that the state did disavow such application it was not necessary for the court to instruct the jury that Johnny Tommy would not be held responsible for any confessions made by Charley Moses. The court was explicit in its instructions both as to what must be found against Johnny Tommy and Charley Moses, before either of them could be found guilty, and we are satisfied from the record that there was no misunderstanding in the minds of the jury on this proposition.

Another assignment of error is the action of the court in

allowing the jury to separate without the consent of the appellants, and many cases are cited from this court to sustain the objection, but we do not think any of them are in point. The statute, § 359, of 2 Hill's Code (Bal. Code, § 4999), provides especially that the jury may separate at any time before the submission of the cause to them under proper admonition of the court. In this case the cause had not been submitted to the jury; in fact, the separation was immediately upon the swearing in of the jury, and we think the record fairly shows that it was made by consent of the defendants' attorneys. We think there is nothing in the contention that there was not sufficient in the information to charge the defendants with manslaughter, and that the instruction of the court in regard to that was erroneous. As we have before indicated, malice was charged in the information. The killing having been shown, the law presumes malice. This question was discussed at considerable length in *State v. Payne*, 10 Wash. 553 (39 Pac. 157), and we are satisfied with the conclusions reached in that case.

The examination of the entire record convinces us that no prejudicial error was committed, and the judgment will therefore be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.