[No. 17561. Department Two. February 1, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. ORD BAUN et al., *Appellants.*[1]

CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS. In a prosecution for burglary under Rem. Comp. Stat., § 2578, subd. 3, covering assistance by a confederate, it is not prejudicial error to give an instruction defining burglary in the language of the statute, including subdivisions 1 and 2, relating to the use of dangerous weapons, although there was no evidence of the use of such weapons.

SAME (297, 452)—INSTRUCTIONS—DEGREE OF OFFENSE—HARMLESS ERROR. Where accused were convicted of the offense of burglary in the first degree, it is not prejudicial error that an instruction was given upon burglary in the second degree.

SAME (261)—INSTRUCTIONS—ASSUMING COMMISSION OF CRIME— ADMISSION BY CO-DEFENDANT. In the prosecution of confederates for burglary, it is prejudicial to give an instruction relating to aiding and abetting "the crime," and thereby assuming that the crime has been committed, notwithstanding that a co-defendant had pleaded guilty, since they were not bound by such plea and it was incumbent upon the state to prove that a crime had been committed.

[1]Reported in 212 Pac. 553.

SAME (426)—APPEAL—PARTIES ENTITLED TO ALLEGE ERROR. Defendants jointly tried and represented by separate counsel are not precluded from taking advantage of an error in an instruction by the fact that one defendant had requested a similar instruction.

SAME (296)—INSTRUCTIONS—PRINCIPALS AND ACCESSORIES—AIDING OR ABETTING OFFENSE. In a prosecution for burglary, an instruction that defendant would be guilty if he aided "or" abetted in the crime, is proper, since it follows the language of Rem. Comp. Stat., § 2260.

Appeal from a judgment of the superior court for Whatcom county, Brown, J., entered March 20, 1922, upon a trial and conviction of burglary. Reversed.

*Fred W. Neal,* for appellant Arthur Burton.

*C. E. Abrams,* for appellant Harvey Riffe.

*A. C. Durham,* for appellant Cyrus Beavert.

*Loomis Baldrey* and *Frank W. Radley,* for respondent.

MAIN, C. J.—On November 22, 1921, the prosecuting attorney of Whatcom county, by information, charged Ord Baun, Cyrus Beavert, Arthur Burton, Harvey Riffe and Jack Rowland with the crime of burglary in the first degree. To this information Baun pleaded guilty, and the action as to Rowland was dismissed. The defendants Beavert, Burton and Riffe pleaded not guilty, and the cause as to them proceeded to trial, which resulted in a verdict of guilty as charged, and from the judgment entered upon the verdict, they appeal.

The evidence of the state was to the effect that, on the 28th day of November, 1921, Baun, Beavert, Burton and Riffe obtained an automobile and drove to the house of Charles Klouda, who lived in the city of Bellingham, with the intention of committing the crime with which they were charged. They arrived at about the hour of 9 o'clock in the evening. Klouda had ob-

tained information to the effect that his house would probably be burglarized by some unknown persons on that evening and had notified the sheriff's office. Klouda and two deputy sheriffs were in the house with the lights extinguished. When the appellants and Baun arrived, they first knocked upon the front door, and there being no response, went around the house and knocked at the back door, and then some or all of them tried the windows. A window was finally opened and Baun entered through it and was crossing the floor, lighting matches and proceeding towards the back door. One of the deputy sheriffs called to him to put up his hands, and failing to comply with the order, he was shot in the arm. Baun then escaped through the window and was shortly afterwards discovered in a hospital in the city of Bellingham. Thereafter, the other parties accompanying him were all arrested. This is a summary of the facts as disclosed by the testimony of the state.

The appellants Beavert, Burton and Riffe contended that they were not guilty of the crime charged. Their version of the affair was that they had gone to Klouda's home for the purpose of purchasing liquor. When they did not find Klouda there, they sat down to wait for him, and while waiting, Baun entered the house with the result above detailed. One of the appellants testified that he did not know that Baun was going through the window until after he got into the house and was shot. Another one, testifying with reference to himself, stated that he, at the time, was near the woodshed, which was a little distance from the house. The evidence upon the question of the purpose for which the parties had gone to Klouda's residence that evening was directly conflicting and presented a question of fact for the jury.

It is first claimed that the court erred in giving instruction No. 10. This instruction was in part as follows:

"You are instructed under the law of this state that every person who with intent to commit some crime therein shall enter in the night time the dwelling house of another in which there shall be at the time a human being: (1) Being armed with a dangerous weapon, or (2) Arming himself therein with such weapon, or (3) being assisted by a confederate actually present shall be guilty of burglary in the first degree."

The instruction is substantially in the language of the statute defining burglary in the first degree, and the objection to it is that subdivisions 1 and 2 should not have been included because there was no evidence bringing the case within either of these subdivisions. The appellants were charged under subdivision 3, and the evidence of the state would support this charge. It is true that there was no evidence which would sustain a conviction either under subdivision 1 or 2, but we think that it was not prejudicial to have included those subdivisions in the instruction, even though it would have been better practice to have eliminated them.

It is next claimed that it was error for the trial court to give an instruction submitting to the jury the question whether the appellants were guilty of burglary in the second degree. The appellants having been convicted of the greater crime, that of burglary in the first degree, of which they were charged, it was not prejudicial to submit to the jury the question of burglary in the second degree. Had they been convicted of the latter charge and raised the question as to whether there was any evidence to sustain the lesser offense, a different question would be presented.

It is next contended that the court erred in giving instruction No. 15, which was in part as follows:

"If you are convinced beyond a reasonable doubt that any of the defendants in this case aided *or* abetted in the commission of *the crime* whether present or absent, or if you are convinced beyond a reasonable doubt that any of the defendants in this case, directly or indirectly counseled, encouraged, hired, commanded, induced or otherwise procured any other of the defendants herein to commit *the crime* you should find any such defendants guilty as charged."

The first objection to this instruction is that, by use of the expression "the crime" in two places without any qualifying words, the court assumed one of the material facts in the case. The appellants, in pleading not guilty to the information, put in issue every material allegation thereof, one of which was that the crime had been committed. The general rule is that the question whether a crime has been committed is for the jury. *State v. Mackey,* 12 Ore. 154, 6 Pac. 648; 16 C. J. 923. The force of this rule is sought to be avoided because it is said that, since Baun had pleaded guilty, this was an established fact about which there was no controversy, and that therefore the assuming in the instruction by the language "the crime" that one had been committed was not error. The question then is whether the admission of the fact by Baun takes the case out of the general rule. It must be remembered that he was not upon trial, but had previously pleaded guilty to the charge. Rem. Comp. Stat., § 2578, provides that:

"Every person who, with intent to commit some crime therein, shall enter in the night-time, the dwelling-house of another in which there shall be at the time a human being — . . . .

"(3) Being assisted by a confederate actually present; . . . . shall be guilty of burglary in the first degree . . . . "

It was under this statute that the charge was laid. Before any of the parties were guilty, it was necessary to show that Baun, at the time he entered through the window, was "being assisted by a confederate actually present." If there were not any confederates actually present assisting him, neither he nor any of the others would be guilty of the crime with which they were charged. The evidence offered on behalf of the appellants tended to show that Baun, when he entered the house, was not assisted by any of them being actually present. It was material for the state to prove that the crime had been committed, and it was error for the trial court to assume this fact in the instruction complained of. The fact that Baun admitted the burglary and pleaded guilty to the charge was not binding upon the appellants. It is said, however, that even though the instruction be erroneous, the appellants are not in position to take advantage of it, because in certain instructions which they requested, substantially the same assumption of fact was made. This argument might be persuasive if all of the appellants had joined in the requests, but they appeared upon the trial each by his own counsel, and the instructions referred to were only requested by one of them. Obviously, since the appellants appeared separately, a thing which might be imputed to one of them by reason of his request could not be binding upon the others who were not parties to it.

The case of *State v. Burton*, 27 Wash. 528, 67 Pac. 1097, is distinguishable because the instruction which was there complained of, in referring to the crime, used the qualifying words "if committed at all." In

the instruction complained of here, there are no such qualifying words or others of like import.

The case of *State v. Rosi*, 120 Wash. 514, 208 Pac. 15, is not controlling. There the trial court in an instruction referred to incriminating evidence introduced by the state, and this was held not to be prejudicial error because there was, in fact, such evidence introduced.

The case now before us is not one where one of the material facts necessary to be established is conceded or admitted. In *State v. Whitney*, 7 Ore. 386, it is said:

"It is the exclusive province of the jury to determine questions of fact. They, and they only, have a right to judge of the credibility of witnesses, and the weight and effect of their testimony. And it has always been held to be an erroneous instruction, when the court assumed any controverted fact to be proven, instead of submitting to the jury the question whether or not it has been established by the testimony before them."

The giving of instruction No. 15, without any qualifying words with reference to "the crime," cannot be held to be other than prejudicial error.

Finally, it is contended that instruction No. 15 is bad because the expression "aided *or* abetted" is used instead of "aided *and* abetted." This objection is without merit. The instruction in this respect is in the language of the statute, § 2260, Rem. Comp. Stat. There the expression is "aids *or* abets," and not "aids *and* abets."

The judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial.

FULLERTON, PARKER, and TOLMAN, JJ., concur.