[No. 19724. Department Two. July 16, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK KELLY, *Appellant.*[1]

[1] CRIMINAL LAW (109)—EVIDENCE—OTHER OFFENSES—FORMER CONVICTION. It is proper to allow cross-examination of accused to show former convictions of felony for the purpose of affecting his credibility.

[2] CRIMINAL LAW (140½)—EVIDENCE—DECLARATION OF CODEFENDANT—AFTER ACCOMPLISHMENT OF OBJECT. Where accused was arrested while in an automobile headed for Portland, error cannot be assigned upon evidence that one of his companions said in his presence when arrested, "You boys I guess wont get to Portland tonight."

[3] ROBBERY (7)—EVIDENCE—ADMISSIBILITY—POSSESSION OF MONEY. In a prosecution for robbery, error cannot be assigned upon testimony that police officers took from the persons of three, who were acting in concert, certain sums of money.

Appeal from a judgment of the superior court for King county, Douglas, J., entered July 1, 1925, upon a trial and conviction of robbery. Affirmed.

*Henry Clay Agnew*, for appellant.

*Ewing D. Colvin* and *Ralph Hammer*, for respondent.

PARKER, J.—The defendants Kelly and Gorman were, by information filed in the superior court for King county, jointly charged with the crime of robbery, in that they, by force and violence, took from the Bothell State Bank and from the possession of its cashier $3,800 of the funds of the bank. They were tried together and both found guilty by verdicts of a jury, upon which judgments were accordingly rendered sentencing each of them to a long term in the penitentiary. The defendant Kelly has appealed to this court.

[1]Reported in 247 Pac. 939.

The robbery occurred at about half past ten o'clock in the forenoon. Both defendants were arrested with one Murray, while proceeding south upon the Pacific Highway in a stolen automobile a short distance south of Tacoma and about fifty miles south of Bothell, the place of the robbery, at about eight o'clock in the evening of the same day. The automobile had been parked by its owner on a street in Tacoma during the early evening, and had evidently been stolen but a short time before the defendants and Murray were overtaken and arrested by the Tacoma police.

[1] It is first contended, in behalf of appellant, that the trial court erred to his prejudice in according to counsel for the state undue privilege of cross-examination of appellant's witness Richardson. Counsel do not agree as to just what the statement of facts shows touching this claim of error. Looking to its language as originally proposed, and as amended and finally certified, there does seem to be some room for such disagreement of counsel. However, the most that we can make out of the record is that counsel for the state was permitted to show by cross-examination of Richardson that he had been, on three or four different occasions, convicted in the courts of Colorado and the courts of this state of crimes amounting to felony. Manifestly, this cross-examination was only for the purpose of affecting the credibility of the witness. The witness's affirmative answers to these inquiries were competent for that purpose. *State v. Turner,* 115 Wash. 170, 196 Pac. 638.

[2] It is next contended that the trial court erred, to the prejudice of the appellant, in permitting a witness for the state to testify that Murray, at the time he and the defendants were arrested with the stolen car, immediately following such arrest, voluntarily

made this remark: "Well, boys, I guess you won't get to Portland tonight." The argument is, that appellant should not be held bound by this remark or any inference to be drawn therefrom. The only possible inference to be drawn therefrom was that they were on their way to Portland. Portland was south in the direction they were proceeding, and on the Pacific Highway. The remark was made in the presence of both defendants, immediately upon all of them being arrested. Up to that moment, they were manifestly all acting in concert in so far as their journey southward was concerned. We think proof of the making of this remark by Murray was not erroneously prejudicial to appellant's rights.

[3] It is next contended that the trial court erred to the prejudice of the appellant in permitting Tacoma police officers to testify that they took from the person of appellant sixteen dollars in money, from the person of Murray three hundred dollars in money, and from the person of Gorman a small sum of money. In view of the apparent concert with which all three were acting in pursuing their journey, we think the admission of this evidence was not prejudicial error. *State v. Blackwood,* 103 Wash. 529, 175 Pac. 168.

[4] Further contention is made in behalf of appellant, touching instructions defining and relating to reasonable doubt. These instructions, it does seem to us, are somewhat unduly lengthy and may have seemed somewhat involved to the lay mind of the jurors. Read as a whole, however, we think they were not at all prejudicially erroneous as against the rights of appellant. Indeed, they seem to us rather more favorable to appellant than to the state, when critically analyzed, though we think they might have been more happily worded by being less verbose.

It seems plain to us that the record discloses no prejudicial error as against the rights of appellant. The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and ASKREN, JJ., concur.