[No. 30282. Department One. November 24, 1947.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT F. GOODWIN, *Appellant.*[1]

[1] Reported in 186 P. (2d) 935.

*Joseph H. Johnston,* for appellant.

*Dana E. Harper* and *Howard V. Doherty,* for respondent.

SIMPSON, J.—Appellant and Weldon Lee Milsaps were jointly charged and tried, and convicted of burglary in the second degree. After a verdict of guilty was rendered, a motion for new trial was presented to the court and denied. The trial court then sentenced appellant to imprisonment in the state reformatory. From the verdict of the jury and the judgment, this appeal is prosecuted.

Error of the trial court is assigned in refusing to dismiss the action, in refusing to grant a new trial, in admitting evidence concerning charges of other crimes, in giving one instruction, and in refusing to give requested instructions.

▉ The evidence presented to the jury was sufficient to justify a verdict of guilty. The evidence showed that appellant and Milsaps entered a butcher shop in the town of Forks and took therefrom one hundred twenty-five pounds of meat.

The principal question presented concerns the cross-examination of Leonard Lee Hulbert, a witness called by appellant. We set out that cross-examination and a portion of the redirect and recross examination as follows:

"Q. I will ask you Mr. Hulbert if in the early part of January 1939, you were convicted of the crime of Larceny and entered a plea of Guilty, in the Circuit Court of the State of Oregon for Washington County, in Oregon. A. I wasn't convicted. Q. Did you plead Guilty? A. No. Q. Were you before the Court? A. Yes. Q. At that time? A. Around that time. Q. Does this refresh your recollection (showing witness exhibit)? A. I was there but I didn't get no sentence. Q. Were you charged with Larceny about that time? A. Yes. MR. DOHERTY. We offer the exhibit in evidence.

MR. JOHNSTON. Object on the same grounds there has been no identification for this. THE COURT. It will be admitted. MR. DOHERTY. That is all. [Redirect examination by Mr. Johnston.] Q. You may explain the circumstances about this matter. A. That was just before I came up here, there was supposed to have been some mixup over a car and when I left to come up here it was all cleaned up. Q. You served no time for whatever it was? A. No. Q. It was your impression that you were not convicted. A. I wasn't convicted. MR. JOHNSTON: That is all. [Recross examination by Mr. Doherty.] Q. Do you claim that you are unfamiliar with the procedure of Courts. A. I don't know anything about this (referring to exhibit). Q. Do you know anything about our procedure in Court in criminal cases. A. No. Q. In 1931 didn't you go through a trial in Multnomah County in Portland. MR. JOHNSTON. I object that it is not a conviction if the Court please. MR. DOHERTY. I am testing him in regard to his entry of a plea of Guilty. THE COURT. In view of the record I think he is entitled to inquire about his familiarity with procedure. Q. Didn't you go through a trial in 1931? A. No. Q. In Portland in the District Court on June 19 1931 weren't you Bound over to the Grand Jury? In case 16935 and weren't you charged with taking an automobile? A. Yes. Q. And you went through a complete case didn't you? A. Yes. Q. How about September 1932, do you remember a larceny charge at that time?"

■■ We agree with the contention of appellant that the cross-examination of the witness was improper.

In *Lundberg v. Baumgartner*, 5 Wn. (2d) 619, 106 P. (2d) 566, this court stated:

"An arrest is not competent evidence of either conviction of crime or of misconduct. It is, in effect, only a charge or accusation of wrongdoing. The law presumes one so accused to be innocent until his guilt has been established in a court of competent ·jurisdiction, by legally admissible evidence, beyond reasonable doubt. 5 Jones Commentaries on Evidence (2d) ed.), 4650, § 2370; see, also, 3 Wigmore on Evidence (3rd ed.), 545, § 980a.

"It is reversible error to show that a defendant who testifies as a witness in a criminal case had previously been charged with a crime, notwithstanding the provisions of Rem. Rev. Stat., § 2290 [P. C. § 8725], authorizing proof of prior conviction of a witness to affect his credibility."

In *State v. Stevick*, 23 Wn. (2d) 420, 161 P. (2d) 181, this court reviewed many of its former cases dealing with the question under consideration, and stated:

"A study of the foregoing cases demonstrates that reference to specific acts of misconduct cannot be made to expose the witness to ridicule or to discredit him in the minds of the jury."

In the case at bar, the witness Hulbert gave testimony that was of much importance to appellant's defense, and the various questions asked of him concerning his court record, other than the one concerning the plea of guilty to the crime of larceny, tended to unduly discredit his testimony. Any witness appearing in court is entitled to the protection accorded to that witness by the laws of the land. One of those rules of law is that every person is presumed to be innocent until in a proper case the evidence shows beyond a reasonable doubt that he is guilty. Because an individual is charged by grand jury, or appears in court as a defendant in a criminal case, is no indication whatever that he has committed any crime. A witness appearing in court on behalf of any party to an action, is entitled to the same protection as any of the litigants.

The appellant in this action did not have a fair and impartial trial when one of his witnesses was unduly discredited.

Inasmuch as this case will probably be tried again, we deem it necessary to pass upon the other alleged errors of which appellant complains.

Counsel for appellant presses upon us error of the trial court in giving a certain instruction, and in the refusal to give others.

Instruction No. 5 reads as follows:

"You are hereby instructed that if you find that the Defendant Robert Goodwin did not break and enter the building of Murray McCauley with intent to commit some crime therein or aid and abet the defendant Milsaps in the commission of said crime, as charged in the Information, then even if you find the defendant Milsaps committed the said crime, and after the commission thereof gave to or sold to the defendant Goodwin some of the property taken

from the building of McCauley, the defendant Goodwin cannot be convicted of the crime charged in the Information filed in this cause, even if he knew, or had reason to believe that the defendant Milsaps had stolen the property."

It is appellant's position that the court in giving the above-quoted instruction, commented on the evidence, and cites as authority *State v. Baun,* 123 Wash. 340, 212 Pac. 553. Comparison of the instruction in this case and the one criticized in the cited case, shows an entirely different situation. The instruction in the *Baun* case assumed that a crime had been committed. Here the court protected appellant by telling the jury in plain words that they could not convict appellant unless he had done certain things, though his codefendant might be guilty. No error was committed in giving the instruction.

Finally it is contended that the court erred in admitting in evidence the written confession of Milsaps. The confession explained in detail the manner in which the two defendants committed the crime. At the time the confession was offered in evidence, counsel for appellant objected to its admission unless the jury was instructed that it be not considered against "defendant Goodwin." The court then stated, "No, I will admit the exhibit for all purposes."

The trial court refused to give an instruction proposed by appellant which read as follows:

"The Court instructs the jury that when arriving at your verdict in this case you may consider all the facts and circumstances in evidence before you, but you cannot consider as evidence against either one of the defendants the statements of the other made out of his presence and hearing, if any such statements were made, but you may consider as evidence against either of the defendants any statement made by him, if any such statement was made."

 We find the general rule to be:

"Confessions or admissions of one conspirator or codefendant are not admissible in evidence against another not present when they are made, nor are they admissible as affirmative evidence against accused present at the time, but not assenting thereto, but when made in his presence

and assented to by him, they are admissible." 22 C. J. S. 1312, § 769.

The answer to the question before us is of such importance that it requires a review of our decisions relative to the admission of confessions of a codefendant in a criminal case.

In *State v. Payne,* 10 Wash. 545, 39 Pac. 157, defendant was tried separately upon an information charging that he and two others had committed the crime of murder. Error was predicated upon the fact that the trial court had permitted evidence to be introduced as to the acts and statements of appellant and those joined with him at a time prior to the commencement of the assault which resulted in death. In passing upon the question, this court said:

"The court allowed such statements only to be put in evidence as were made by the appellant or by one of the others in his presence, and for that reason we think no error was committed in the admission of the testimony objected to. The statements and acts of the appellant, or those to which he was a party, were admissible for the purpose of showing the surroundings and circumstances which culminated in the assault. The jury were entitled to know the state of mind of the defendant and those with whom he was so intimately associated. Such knowledge would better enable them to determine the facts connected with the assault itself. This evidence was therefore admissible for the purpose of placing the jury in possession of the circumstances which led up to the assault in which the fatal wound was inflicted. It was also admissible by reason of the concert of action between the appellant and those joined with him in the information and the said Hill in the doing of unlawful acts which resulted in the homicide. To our minds it clearly appeared from the proofs that these persons were acting in unlawful concert. By reason of such concert they sought to intimidate those with whom they came in contact in the town of Garfield, and intended to jointly resist arrest by its authorities. Such facts were shown as to satisfy us that there was a deliberate intention to which these four were parties, to terrorize the law-abiding people of Garfield, and resist any attempt on the part of its officers to arrest them for so doing, and that it sufficiently appeared from the proofs that the assault in which

the homicide was committed was brought about by their acts in pursuance of such intention. This being so the court could have rightfully opened the door as to the statements and actions of one or all of these parties much wider than it did. Under the circumstances shown, the ruling of the court upon this question was at least as favorable to the appellant as the law required."

*State v. McCullum*, 18 Wash. 394, 51 Pac. 1044, is of peculiar interest, though it relates to the separate trials of persons jointly charged with the commission of crime. In that case testimony was introduced concerning the confession made by one, Wilson, the person charged jointly with the individual being tried. The confession related to the means by which a burglary had been committed by defendant and his confederate. In deciding this case, this court made the following definite statement:

"The statement made by Wilson should have been excluded for another reason. Ordinarily the confession of a defendant may be introduced in evidence against him as an admission of guilt or of facts from which guilt is inferable. But it is admissible only against the party making it and is inadmissible as against any one else. The fact that in this case Wilson's statement was made in the presence of the appellant and directed in part to the appellant did not thereby render it admissible. The fact that it was so made loses force when we come to consider that appellant was not voluntarily present, did not acquiesce in it, and was obliged to remain and listen to it whether he would or not. Under such circumstances the unsworn statement of Wilson could not bind the appellant."

The information in *State v. Tommy*, 19 Wash. 270, 53 Pac. 157, charged that two men named Tommy and Moses had committed the crime of murder. During the trial, evidence was admitted concerning the confession of defendant Moses. A portion of the court's instructions to the jury was as follows:

" 'I further instruct you that if you find from the evidence in this case and beyond a reasonable doubt that Charley Moses made an admission or confession of guilt to any one, either by word or conduct, and you further find that such confession or admission was freely and voluntarily made

and that there was no undue influence brought to bear upon him to induce him to do so, then I instruct you that you are entitled to take such fact into consideration and give to it such weight as you think it entitled to under the circumstances at the time.'"

In deciding the case, Judge Dunbar, speaking for this court, stated:

"It is also contended that the court erred in instructing the jury in relation to the confession which we have just noticed, without proceeding further and instructing the jury that the alleged confession of Charley Moses could not be considered by them as against Johnny Tommy, and especially as the state disavowed any application of the confession to him. For the very reason, it seems to us, that the state did disavow such application it was not necessary for the court to instruct the jury that Johnny Tommy would not be held responsible for any confessions made by Charley Moses. The court was explicit in its instructions both as to what must be found against Johnny Tommy and Charley Moses, before either of them could be found guilty, and we are satisfied from the record that there was no misunderstanding in the minds of the jury on this proposition."

In *State v. Mann*, 39 Wash. 144, 81 Pac. 561, Nettie Mann was charged with the crime of arson, and her husband, John Mann, was charged with having aided his wife in the commission of the crime. The opinion deals with the separate trial of John Mann. During the trial, Nettie Mann made confessions which tended to incriminate herself and her husband. The confessions were admitted in evidence. This court held that the appellant was charged with a consummated offense, not for conspiring to commit an offense. In determining this question, the court stated:

"A criminal conspiracy is a combination between two or more persons to do a criminal or an unlawful act, or a lawful act by criminal or unlawful means. No overt act is necessary to constitute the offense, the gist of the offense being the unlawful conspiring together. Hence, in the case at bar, had the charge against the appellant been for engaging in an unlawful conspiracy only, he could well say that the subsequent confessions and admissions of one of the conspirators were not admissible as evidence against him. But here the person whom he now assumes to be a joint con-

spirator was charged with the commission of a substantive offense, namely, the crime of arson, and the appellant was charged with aiding and abetting her in the commission of that crime. In order to convict the appellant it was necessary for the state to prove the crime as alleged; that is to say, it must show, first, that Nettie Mann committed the crime of arson; and, second, that the appellant aided and abetted her therein. The state, in order to prove the first of the requisites, could resort to any evidence which would have been admissible had Nettie Mann herself been upon trial. This would include her confessions and admissions, as well as any other competent evidence tending to prove the crime as laid.

"But it is thought the confessions were inadmissible because they implicated the appellant. Such is not the rule. The jury are ordinarily entitled to confessions as they are made, and in this case to have eliminated from the confessions all references to the appellant would have left them unintelligible and incompetent for any purpose. The authorities, so far as we have been permitted to examine them, uniformly hold that the acts, declarations, and confessions of the principal are admissible as evidence on the separate trial of the accessory. . . .

"The appellant was, of course, entitled to have his rights safeguarded by cautions during the course of the trial and by the instructions of the court to the jury, but no complaint is made that the court was delinquent in this respect, and the record affirmatively shows that it was not."

The case of *State v. Dilley*, 44 Wash. 207, 87 Pac. 133, involves the commission of a robbery by three persons who were jointly charged, and jointly tried. During the trial, evidence was introduced concerning conversations between one appellant and the prosecuting witness, not occurring in the presence of the other appellants; also concerning a letter written by the same appellant to one of the other appellants while they were in jail awaiting trial. The court's ruling in allowing a consideration by the jury of the evidence to which we have just referred, was claimed as error. In passing upon the evidence relating to the conversations, the court said:

"It was not error therefore to admit evidence of the acts and declarations of Mrs. Dilley as against the other appel-

lants, in view of all the evidence. And it was not error to refuse to instruct the jury unconditionally that such acts and declarations could in no event be considered against her coappellants."

*State v. Williams*, 62 Wash. 286, 113 Pac. 780, is another case dealing with the use by the state of confessions made by a codefendant. In speaking of the admissions or confessions, it was said:

"Such evidence is admissible whether defendants are tried jointly or separately. Otherwise, although the crime be single, if it be committed by two or more, a conviction might be avoided in every case by demanding separate trials."

The cases of *State v. Dilley, supra,* and *State v. McCann,* 16 Wash. 249, 47 Pac. 443, 49 Pac. 216, were cited with the following observation:

"It is thus indicated that the admissibility of such testimony cannot be resolved by looking to the form of the pleading. It must be decided by reference to the facts and circumstances of the particular case. If the defendant be charged with another, and the facts show a concert of action, a verdict will not be overthrown because it has been necessary in the development of the case to show the conduct and conversation of the parties, if in the end it is made to appear that both of the defendants were parties to the crime."

In *State v. Beebe,* 66 Wash. 463, 120 Pac. 122, we find that one Della Totten was charged with the murder of James E. Sutton, and one Hannah Beebe was charged with aiding, inciting, abetting, and encouraging Della Totten in the killing. The action of the trial court concerning the admission of certain evidence is best shown by the following excerpt:

"It is contended by counsel for appellant that the trial court erred in admitting evidence, over their objections, of threats made by Mrs. Totten against members of the Sutton family some time prior to the killing of the deceased, and also evidence of statements made by Mrs. Totten in the nature of admissions on her part, tending to show her own guilt, after the killing of the deceased. These threats and statements were all made out of the presence of appellant,

and we are not able to find in the record any evidence tending to show concerted action on their part looking to the injury of any member of the Sutton family, save their acts occurring at the time of the killing of the deceased which we have above summarized. These threats and statements of Mrs. Totten's seem to have been admitted in evidence by the trial court upon the theory that any evidence tending to show Mrs. Totten's guilt was admissible against appellant whether it tended directly to show her guilt or not."

In its decision this court held:

"The confession of one codefendant was held inadmissible as against the other, upon a separate trial, in *State v. Mc-Cullum,* 18 Wash. 394, 51 Pac. 1044. In *State v. Nist, ante* p. 55, 118 Pac. 920, some observations are made in harmony with this view, and the case of *State v. Mann, supra,* distinguished from cases of this nature.

"The authorities seem to be quite uniform in holding, in cases of this character, that prior threats and statements, as well as subsequent admissions and statements made by one codefendant, are not admissible against the other, upon a separate trial, and that such statements are regarded as hearsay as much as if they had been made by a stranger. Of course it needs no argument to show that such evidence would almost certainly be prejudicial to the defendant on trial."

The opinion in *State v. Vane,* 105 Wash. 421, 178 Pac. 456, holds that evidence admissible in the prosecution of a principal may be introduced in the separate trial of one tried as an accessory before the fact. This case is grounded upon the holding in *State v. Mann, supra.*

In *State v. Lyda,* 129 Wash. 298, 225 Pac. 55, the appellant was charged with the crime of arson in the second degree, in that he procured one Willard Sawyer to set fire to a barn which contained a quantity of hay. A witness for the state testified that Sawyer confessed to the commission of the crime and implicated appellant. In passing upon the question raised by the admission of the confession, it was stated by this court:

"This is not a criminal conspiracy charge, but is a charge of the commission of a consummated act, to wit, the actual burning of the hay by Sawyer . . .

"We approach this problem fully appreciating the general rule that, when evidence is pertinent and of probative force touching an issue in a case, as the commission of the arson by Sawyer was an issue in this case, such evidence is not to be excluded merely because it may also tend to prove, or create a belief or suspicion of, some fact prejudicial to a party to the case, as to which fact it would not be admissible. In such a situation, the party whose rights may be prejudiced by such evidence is, of course, entitled to have it limited to the very issue to which it is relevant and competent, and have it wholly excluded from consideration with reference to any other issue in the case to which it is not relevant and competent."

Then after reviewing the evidence, we continued:

"What Sawyer said to Johnson with reference to appellant as an aider and abettor in the crime was the purest hearsay as against the appellant, and to us seems to have been wholly unnecessary to render Sawyer's confession of his having committed the offense fully intelligible. It added nothing to the weight of Sawyer's confession of guilt, which was the only question with reference to which Sawyer's statements to Johnson were in the least relevant or competent. As to all else it was pure hearsay."

In *State v. Ashe,* 182 Wash. 598, 48 P. (2d) 213, Andrew Head and Leo Ashe were jointly charged, tried, and convicted of a felony. Ashe, the appellant, testified, but Head did not do so. During the trial a witness for the state testified to an admission made by Head. This court upheld the conviction, and based its decision upon the holding in *State v. Kelly,* 139 Wash. 636, 247 Pac. 939, and *State v. Green,* 158 Wash. 574, 291 Pac. 728. The challenged evidence in the *Kelly* case did not amount to a confession. The evidence complained of in the Green case related only to admissions made by the defendant on trial.

In *State v. Crossman,* 189 Wash. 124, 63 P. (2d) 934, two men, Crossman and Shorter, were convicted of the crime of grand larceny. Crossman made a written confession in which he admitted that he and another killed an animal charged to have been stolen. Defendant Shorter objected to the admission of the confession on the ground that he was not present when the confession had been made. The

trial court admitted the confession and instructed the jury that it should not be considered as against Shorter. In deciding the question presented by the objection, we stated:

"The sheriff testified that, in conversation with Crossman, he inquired of him who had shot the animal, to which Crossman answered that he had. He was then asked, 'Did you do this all alone?' to which Crossman answered, 'No, Gerald, I couldn't do that alone; one man couldn't do that; you know that.' At this point, counsel objected that the conversation had not taken place in Shorter's presence. The court permitted the witness to continue with the statement, with the understanding that the jury was not to give any consideration to it so far as Shorter was concerned. Continuing, the sheriff testified: 'And I said, "Just you and Wilfred Shorter?" And he said, "Yes, that was all." '

"The statement made to the sheriff and the written confession were, of course, properly admissible as against Crossman. Their admission, with the court's admonition to the jury to disregard them in so far as Shorter was concerned, was not error.

" 'The rule is very clear that the confessions must be given as made. If we strike out any part, then the confession ceases to be the confession as made. The rule in such cases is clearly to let all the defendant said be given, and the jury cautioned not to consider it against any one, except the man who makes it.' *State v. Jeffords,* 121 S. C. 443, 114 S. E. 415.

"See, also, *State v. Johnny Tommy,* 19 Wash. 270, 53 Pac. 157; *State v. Clark,* 156 Wash. 47, 286 Pac. 69, 85 A. L. R. 502; *Flowers v. State,* 69 Fla. 620, 68 So. 754, L. R. A. 1915E, 848."

The decided cases from which we have quoted disclose that the rules relative to the admission of the confessions of a codefendant, or one jointly charged, are not consistent.

In the *Payne, Mann, Dilley, Williams, Vane,* and *Ashe* cases, it was held that the admissions or confessions of a defendant could be admitted in evidence as against a codefendant, in order to prove the plan or conspiracy to commit the crime charged. This rule was made applicable to cases in which the complaining defendant was jointly tried with one who made the confession, and also in those cases in which the trial was separate.

In the *McCullum, Beebe, Lyda,* and *Crossman* cases, it was held that the confessions or admissions are not admissible in a separate trial, but are admissible in a joint trial, provided that the jury be instructed to disregard them insofar as the other defendants are concerned.

In the case at bar, conspiracy was not charged as that crime is defined by Rem. Rev. Stat., § 2382 [P.P.C. §113-99], nor was there a charge of conspiracy as defined by the common law.

There is no appreciable difference in the facts of the *McCullum* case and the one at bar. In the *McCullum* case, two individuals decided to burglarize a saloon building and take therefrom a quantity of cigars. In the instant case, the defendants decided to burglarize a building and take therefrom a quantity of meat. In each case the defendants made plans by talking to each other concerning the manner in which the crime should be committed. The same situation arises in every case where two or more persons conclude to commit a crime.

If we hold to the rule announced in the first set of cases, then in every case the confessions of a codefendant may be admitted for all purposes. The decisions also speak of the application of different rules in the cases in which defendants are jointly tried, and cases in which separate trials are had of persons jointly informed against. An individual charged with the commission of a criminal offense is entitled to the same consideration, whether he be granted a separate trial or be tried with others charged with the same offense.

█ It is our conclusion that confessions of one defendant, jointly tried with another, may be introduced in evidence, but that, in such cases, the defendant or defendants who did not make the confession should be protected by proper statements to the jury that the confession should not be considered as against him, or them. It follows that the trial court committed error in admitting the confession

of Milsaps for all purposes and in refusing to give the instruction proposed by appellant.

The cited cases which laid down the rule contrary to the one just announced, are overruled.

This holding is not intended to apply to cases in which the crime of conspiracy has been charged and a proper foundation has been laid for introduction of the statements of a coconspirator.

The judgment of appellant's conviction is reversed, and a new trial granted.

MILLARD, SCHWELLENBACH, and HILL, JJ., concur.

MALLERY, C. J., dissents.

