[No. 18232. Department One. March 6, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. KAKUZO YANAI, *Appellant*.[1]

CRIMINAL LAW (216)—TRIAL—MISCONDUCT OF JUDGE—COMMENT ON FACTS. Where a witness, who had been excluded from the room but stood in the open doorway, testified that he could not hear what other witnesses had said, it is unlawful comment on the evidence to state that the witness could not possibly hear what other witnesses had said; requiring a new trial where the testimony of such witness was very necessary to corroborate the evidence of the preceding witness (HOLCOMB, J., dissenting).

Appeal from a judgment of the superior court for King county, French, J., entered May 25, 1923, upon a trial and conviction of a felony. Reversed.

*Russell H. Fluent* and *James M. Ballard,* for appellant.

*Malcolm Douglas* and *R. L. Bartling,* for respondent.

MACKINTOSH, J.—The appellant was convicted of a felony and has appealed, urging several errors, one of which only is necessary for discussion and which entitles him to a new trial.

It appears that the witnesses were ordered excluded from the court room, and when one of the witnesses for the state was called, objection was made to his testimony on the ground that he had disobeyed the court's order and had been present while other witnesses were on the stand. A preliminary examination then took

[1]Reported in 224 Pac. 15.

place to determine whether this was true, which developed the fact that, while the witness was not actually in the court room, he stood in the open doorway among the crowd which was in attendance at the trial.

The weight of his testimony, in the minds of the jury, would be considerably affected by the fact that he had heard the testimony of a prior witness whom he was called especially to corroborate. The proximity of the doorway to the witness stand, the audibility of the prior witness, and the entire situation, were matters which the jury had a right to take into consideration and were matters which they could know from their presence as jurors. Yet the court, although correct in not denying the state the right to place the witness on the stand and have him testify, even had the witness violated the order of the court and had remained in the court room (*State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103; *State v. Ilomaki,* 40 Wash. 629, 82 Pac. 873), was in error when, in passing upon the question whether the witness should be allowed to testify, he made the following comment: "We can all take notice, in a practical way, that a witness standing outside of the door there could not have possibly heard any witness testifying here on the stand. I don't believe he could have heard it." This was a clear comment upon a fact relating to a very material matter, that is, the credibility of this witness, who was an important witness for the prosecution and whose corroborating testimony was a very essential element for conviction. Before the comment in question was made, the witness had testified that, from where he stood, he could not hear what had been said by prior witnesses, although he testified that he could see them. The following questions had been asked in the investigation of whether he had heard anything:

"Q. Did you hear anything any of the witness(es) said? A. No, sir. It is too far to hear. I could not hear anything. Q. There was a witness on the stand at the time, was there not? A. Surely. Q. You saw the witness? A. I saw the witness. Q. (By the state) You didn't hear anything that was said? A. No, sir."

Immediately upon this, the attorney for the appellant said: "It is a question whether he had heard what was going on on the stand here." Then followed the comment of the court, which in effect was a statement in the presence of the jury that the court believed the testimony of the witness that he could not hear, and in effect vouched for his credibility.

This court many times has been called on to give effect to the constitutional provision that courts shall not comment upon the facts, and has consistently followed the rule announced in *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098, that:

"It is not the *quantum* of any particular comment, but all comment whatever, that is inhibited by the constitution; and, therefore, courts should be extremely careful to confine their instructions solely to declaring the law. All remarks and observations as to the facts before the jury are positively prohibited, and if any such are made, the judgment will be reversed unless the appellate court can see that the accused was in no wise prejudiced thereby."

See, also, *State v. Hyde,* 20 Wash. 234, 55 Pac. 49; *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *Schneider v. Great Northern R. Co.,* 47 Wash. 45, 91 Pac. 965; *Spencer v. Arlington,* 49 Wash. 121, 94 Pac. 904; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551; *State v. Mahoney,* 120 Wash. 633, 208 Pac. 37. The court cannot say that the accused was in no wise prejudiced by

this comment.  As was said in *State v. Surry,* 23 Wash. 655, 63 Pac. 557, the constitutional provision does not apply to "every casual, inadvertent or unnecessary remark made by the judge in reply to a proposition or suggestion of counsel," but that it does apply to "such remarks of the presiding judge during the course of a trial as might reasonably influence the mind of an ordinary juror." The rule announced in *State v. Surry, supra,* has been followed in *State v. Boyce,* 24 Wash. 514, 64 Pac. 719, and *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841. Here the remark does not fall within the class considered in the last cited cases. The judgment is reversed and new trial ordered.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.

HOLCOMB, J. (dissenting)—It appears to me that the trial judge expressed no comment as to the credibility of the witness, but merely stated what appeared to have been a physical fact of which the trial judge could judge and this court cannot—that the witness could not have heard.  I dissent.