NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Strafford
No. 2014-0659

THE STATE OF NEW HAMPSHIRE

v.

VIC WASHINGTON

Argued: November 10, 2015
Opinion Issued: April 1, 2016

Joseph A. Foster, attorney general (Nicholas Cort, assistant attorney general, on the brief, and Susan P. McGinnis, senior assistant attorney general, orally), for the State.

Thomas Barnard, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. The State appeals an order of the Superior Court (Houran, J.) dismissing three indictments that charged the defendant, Vic Washington, with identity fraud. See RSA 638:26 (2007). The State argues that the trial court erred in ruling that the term "another person," as used in RSA 638:26, I(a), refers to an actual, rather than a fictitious, person. We affirm.

The following facts are taken from the trial court's order or are undisputed by the parties. The defendant was charged with a number of

offenses that arose from his "alleged use and attempted use of fraudulent credit cards, as well as his possession of the allegedly fraudulent credit cards and credit card numbers." He was indicted on three counts of identity fraud. See RSA 638:26. Each of these indictments charged that he "pose[d] as Eli Watts with the purpose to defraud in order to obtain merchandise" from a specific merchant. He was also indicted on several counts of receiving stolen property, see RSA 637:7 (2007); theft by unauthorized taking, see RSA 637:3 (2007); attempted theft by unauthorized taking, see RSA 629:1 (2007); RSA 637:3; theft by deception, see RSA 637:4 (2007); and attempted theft by deception, see RSA 629:1; RSA 637:4.

Prior to trial, the defendant moved to dismiss all charges, arguing that the State had failed to "provide proof of the validity of the credit card numbers" and proof that Eli Watts was a "bona fide person." The State objected, arguing that it was not required to prove that Eli Watts was an "identifiable person"; rather, the State argued, it was required to prove only that the defendant "was posing as someone other than himself in order to obtain the goods." At the hearing on the motion to dismiss, the State conceded that Eli Watts was "a person that the Defendant fabricated . . . . a fictitious person."

After the hearing, the trial court denied the defendant's motion to dismiss with the exception of the three identity fraud charges. As to those charges, the court ruled that the "plain language of [RSA 625:11, II] requires the State to prove, among other things, that [the defendant] posed as a 'natural person[,] corporation or unincorporated association.'" In so ruling, the court considered the general definition of "person" set forth in RSA 625:11, II (2007) of the Criminal Code. RSA 625:11, II provides: "'Person', 'he', and 'actor' include any natural person and, a corporation or an unincorporated association." (Emphasis added.) Because the State did not dispute that Eli Watts was "a fictitious person," the court ruled that the indictments charging that the defendant "pose[d] as Eli Watts" were insufficient to allege that he posed as another person, as required by RSA 638:26, I(a). The court specifically limited its ruling: "The court does not take up or decide here whether there are circumstances under which 'synthetic identity' fraud may be prosecuted under RSA 638:26 as it presently exists. 'Synthetic identity theft' occurs when 'someone creates a fictitious identity by combining personal information from one or more consumers with invented information, rather than using the identity of an existing individual.'"

The State filed a motion to reconsider the trial court's ruling, arguing, in part, that "the State did not intend to concede that Eli Watts is, in fact, a fictitious person. Rather, the State's argument has always been that it didn't matter whether Mr. Watts was a fictitious person or not." The trial court denied the motion, explaining that its original order "was based, in part, on the lack of dispute between the parties" that "Eli Watts was a fictitious, as opposed to a natural, person."

2

The dismissed charges were severed from the remaining indictments, and the State reserved the right to appeal the trial court's order of dismissal. The defendant pleaded guilty to six charges under a capped plea agreement, and the State nolle prossed the remaining charges. The State then filed this appeal, in which it identifies the issue before us as "[w]hether RSA 638:26, I(a) 2007, in referring to an actor who '[p]oses as another person with the purpose to defraud,' requires the State to prove that the defendant posed as an actual person."

We note at the outset that the trial court's ruling was based upon the sufficiency of the indictments that charged the defendant with identity fraud. See State v. Champagne, 125 N.H. 648, 651 (1984) (setting forth test to determine sufficiency of indictment). Accordingly, we would ordinarily address only the sufficiency of the language in the dismissed indictments. However, given the record upon which the trial court based its decision and the issue set forth in the State's notice of appeal, we conclude that the issue before us is whether RSA 638:26, I(a) requires the State to prove that a defendant posed as an actual person to obtain a conviction for identity fraud. Consistent with the trial court's limited ruling, we do not address whether the evolving evidence in this case — including the State's subsequent discovery that there is an actual person named Eli Watts — might be sufficient to obtain a conviction under RSA 638:26, I(a).

To resolve the limited issue on appeal, we must engage in statutory interpretation, which is a question of law. State v. Mayo, 167 N.H. 443, 450 (2015). In doing so, we conduct a de novo review of the trial court's legal analysis. See id.

RSA 638:26, I(a) provides: "A person is guilty of identity fraud when the person . . . [p]oses as another person with the purpose to defraud in order to obtain money, credit, goods, services, or anything else of value." "'Pose' means to falsely represent oneself, directly or indirectly, as another person or persons." RSA 638:25, II (2007). As we previously stated, RSA 625:11, II provides: "'Person', 'he', and 'actor' include any natural person and, a corporation or an unincorporated association."

Not unlike its argument in the trial court, the State's argument on appeal is, at best, fluid. In its brief, the State argues that, because the definition of "person" found in RSA 625:11, II contains the word "include," it should be construed expansively to include fictitious or synthetic identities. See Hoofnagle, Identity Theft: Making the Known Unknowns Known, 21 Harv. J.L. & Tech. 97, 98 n.6 (2007) ("Although there is no authoritative definition of synthetic identity theft, cases typically involve the use of an individual's real Social Security Number and date of birth with a false name and address."). At oral argument, however, the State contended that because the information on the magnetic strip of the credit card used by the defendant belonged to a real person, this case was not about synthetic fraud. This argument was not made

3

in the trial court; nor is it a subsidiary question of the issue identified in the State's notice of appeal. Accordingly, we will not address it. See, e.g., State v. Blackmer, 149 N.H. 47, 48-49 (2003).

We turn then to the limited question before us: To obtain a conviction for identity fraud under RSA 638:26, I(a), is the State required to prove that the identity assumed by the defendant belonged to an actual, rather than a fictitious, person? We conclude that the State is required to do so.

To interpret the language of RSA 638:26, I(a), we construe the Criminal Code according to the fair import of its terms and to promote justice. Mayo, 167 N.H. at 450; see RSA 625:3 (2007). We first examine the language found in the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. State v. Maxfield, 167 N.H. 677, 679 (2015). We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id.

Although the State contends that the use of the word "include" in RSA 625:11, II requires us to construe this definition expansively to include a "fictitious person," we decline to apply such a broad construction in the absence of direction by the legislature. We have previously held that the use of the word "including" generally limits the applicability of a statute to entities of the same type as those identified therein. See Conservation Law Found. v. N.H. Wetlands Council, 150 N.H. 1, 6 (2003).

As the defendant observes, when "the legislature intends to refer to a noun and to some fictional representation of that noun, it [does] so expressly." For example, the legislature has identified robbery as a class B felony when the defendant was either "actually armed with a deadly weapon" or "[r]easonably appeared to the victim to be armed with a deadly weapon." RSA 636:1, III (2007); see also RSA 649-B:4 (Supp. 2015) (prohibiting use of computer to "entice a child or another person believed by the person to be a child" to commit certain enumerated acts).

Accordingly, we conclude that the trial court did not err in ruling that, to obtain a conviction for identity fraud under RSA 638:26, the State must prove that a defendant posed as an actual, rather than a fictitious, person. To the extent that the State seeks a broader application of the statute, the appropriate forum in which to seek that result is the General Court. See, e.g., In the Matter of Kempton & Kempton, 167 N.H. 785, 803 (2015) (recognizing that matters of public policy are reserved for the legislature).

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.