# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JOHN EDISON PEREZ,<br><br>                         Petitioner. | No. 58200-7-II<br><br><br><br>UNPUBLISHED OPINION |

Cruser, A.C.J. — In this personal restraint petition (PRP), John Perez challenges his 2019 convictions for second degree attempted child molestation, communication with a child for immoral purposes (CMIP), and commercial sexual abuse of a minor. Perez pleaded guilty to his crimes and waived his right to appeal. Perez's convictions became final on March 27, 2019, and he filed this petition in December 2022. He now raises two arguments: a double jeopardy challenge and a sufficiency of the evidence challenge. Because Perez pleaded guilty, his challenge to the sufficiency of the State's evidence is time barred. RCW 10.73.090(1), .100. And because this claim is time barred, we dismiss this petition as mixed without addressing Perez's other claim.

## FACTS

John Perez, seeking sex, engaged in an online chat and text message conversation with a Washington State Patrol trooper posing as a 13-year-old girl. In his conversations with the trooper, Perez agreed to bring condoms and buy the putative 13-year-old girl a Slurpee drink on his way to the location where he planned to meet her for sex. Perez stopped at a business on the way to the

way to the meeting location and purchased the Slurpee. Perez was arrested upon arriving at the meeting location, and condoms were found in his possession.

Perez was originally charged with one count of attempted rape of a child in the second degree and one count of communication with a minor for immoral purposes. Perez entered a plea bargain with the State in which he agreed to plead guilty to a reduced charge of attempted child molestation in the second degree, as well as the original count of CMIP, and "an additional felony sex offense" which was commercial sexual abuse of a minor. Br. of Resp't App. at 24 (italics omitted).

Perez pleaded guilty to the crimes in the amended information and stipulated to an exceptional sentence upward of 89 months in prison. His judgment became final on March 27, 2019, when it was filed.

DISCUSSION

Perez argues that his conviction for commercial sexual abuse of a minor rests on insufficient evidence because the factual basis for his plea did not include evidence that the Washington State Patrol trooper he communicated with online was a minor. He relies on *State v. Majeed*, 14 Wn. App. 2d 868, 878, 474 P.3d 1085 (2020), which held that to prove the crime of commercial sexual abuse of a minor, the State must prove that a defendant offered payment to a

corporeal minor rather than an invented one.[1] The State responds that the claim is time barred. We agree with the State and conclude that Perez's claim is untimely because no exemption to the time bar covers this challenge.

Perez also argues that the State violated the prohibition against double jeopardy by charging him with both commercial sexual abuse of a minor and CMIP. Because Perez has raised his double jeopardy challenge in a mixed petition with a time barred claim, we dismiss the entire petition without reaching the merits of the double jeopardy challenge.

## I. TIMELINESS

A. Legal Principles

Generally, a petitioner may not file a collateral challenge more than one year after a facially valid judgment and sentence was entered by a court with competent jurisdiction. RCW 10.73.090(1). The time bar does not apply to petitions based solely on one or more claims enumerated in RCW 10.73.100. For instance, a claim that the conviction violated double jeopardy is exempt from the time bar. RCW 10.73.100(3). A claim of insufficient evidence is also exempt, but only if the defendant pleaded not guilty. RCW 10.73.100(4). If a petition mixes both exempt and non-exempt claims, the entire petition must be dismissed if it was filed more than one year

---

[1] To the extent Perez implicitly argues that *Majeed* represents a significant change in the law, he has undermined his argument by asserting that "the court settled *for the first time* the mean[ing] of the statute." PRP at 8 (emphasis added). Although RCW 10.73.100(6) exempts from the time bar petitions raising a significant, material, and retroactive change in the law, the exemption does not apply if the petitioner relies on an opinion that merely settles a point of law without overturning prior precedent. *In re Pers. Restraint of Domingo*, 155 Wn.2d 356, 368, 119 P.3d 816 (2005); *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 83, 74 P.3d 1194 (2003). Moreover, a plain reading of *Majeed* reveals that it did not involve statutory interpretation. It merely applied the plain language of the statute to facts that fell short of the proof required to sustain the conviction. *Majeed*, 14 Wn. App. 2d at 878-79.

No. 58200-7-II

after the petitioner's judgment became final. *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 632, 520 P.3d 933 (2022).

B. Application

Here, Perez's conviction became final in March, 2019 and he did not bring this petition until December, 2022. He raises two claims, both of which must be timely to escape the mixed petition rule. Because he pleaded guilty, his challenge to the sufficiency of the State's evidence is time barred by RCW 10.73.090(1) as it does not fall within the exemption enumerated in RCW 10.73.100(4).[2] This renders Perez's petition mixed, so we dismiss Perez's petition without reaching the merits of his claims.

## CONCLUSION

We dismiss Perez's PRP as time barred.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[2] To the extent Perez's challenge is better understood as a challenge to the validity of his guilty plea, that is not exempt from the time bar either. *See In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 770, 297 P.3d 51 (2013); *In re Pers. Restraint of Clark*, 168 Wn.2d 581, 587, 230 P.3d 156 (2010). Additionally, if Perez successfully sought withdrawal of his negotiated plea settlement, the State would be free to pursue a remedy for Perez's clear violation of his plea agreement.

4

No. 58200-7-II

CRUSER, A.C.J.

We concur:

VELJACIC, J.

PRICE, J.