**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————

No. 15-41168

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LYDIA VASQUEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2016

Lyle W. Cayce
Clerk

———————

Appeals from the United States District Court
for the Southern District of Texas

———————

Before STEWART, Chief Judge, and CLEMENT and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Lydia Vasquez appeals the 140-month sentence she received for knowingly enticing and coercing an individual to engage in unlawful sexual activity under 18 U.S.C. § 2422(a). Vasquez challenges whether an eight-level enhancement for an offense involving a minor under twelve years of age should have applied to increase her sentence, *see* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2G1.3(b)(5) (U.S. SENTENCING COMM'N 2015), when she knew the minor was fictitious because she had made the infant up. We hold that § 2G1.3(b)(5) does not apply when a defendant invents and offers a fictitious minor under twelve years of age to entice another person to engage

No. 15-41168

in unlawful sexual activity.[1]  By failing to consider whether the alleged minor actually existed, the district court did not make the factual findings necessary to apply § 2G1.3(b)(5) in this case.  We therefore VACATE the sentence and REMAND the case to the district court for further factual findings and resentencing consistent with this opinion.[2]

## I.  Background

Vasquez, a mother of five children, had a relationship by phone, text, and internet with a man named Keith who lived in another state.  At some point, Vasquez discussed having Keith visit her and attempted to entice him to visit by suggesting that Keith could have sexual relations with Vasquez's twelve-year-old daughter and her cousin's allegedly unborn infant after the infant's birth.  An undercover FBI agent assumed Keith's identity online and continued to engage in conversations with Vasquez, culminating in a plan for Keith to visit her in August 2014.  Vasquez was arrested on her way to pick up Keith at the airport.

Vasquez pleaded guilty to inducing and enticing Keith to travel interstate to engage in indecency with a child, in violation of 18 U.S.C. § 2422(a).  The district court adopted the Presentence Investigation Report ("PSR") and determined that Vasquez faced a Guidelines range of 135–168 months of imprisonment.  It then sentenced Vasquez to 140 months of imprisonment and five years of supervised release.  Based upon Vasquez's

---

[1] This conclusion does not implicate whether a defendant may receive an enhanced sentence for seeking to entice unlawful sexual activity with a fictitious minor invented and *proffered to defendant by a law enforcement officer*.  Indeed, situations involving law enforcement officers are explicitly addressed in the Guidelines and differ from the factual circumstances in this case.  *See* U.S.S.G. § 2G1.3 cmt. n.1.

[2] The parties also agree that the oral pronouncement of Vasquez's sentence conflicted with the written judgment imposing her sentence, and that several special conditions of supervised release should therefore be vacated and the case remanded to the district court to eliminate the conflicts.  On remand, the district court should reconcile these conflicts between the written judgment and the oral pronouncement.

No. 15-41168

conversations with Keith about the alleged unborn infant, the district court applied the eight-level enhancement in U.S.S.G. § 2G1.3(b)(5), concluding that Vasquez's conduct involved a minor under the age of twelve, even if that minor was fictitious.

## II. Standard of Review

We review the district court's interpretation and application of the Guidelines de novo and its underlying factual findings for clear error. *See United States v. Reyna-Esparza*, 777 F.3d 291, 293–94 (5th Cir. 2015). "If the district court made a legal error that affected its factual findings, 'remand is the proper course unless the record permits only one resolution of the factual issue.'" *Ball v. LeBlanc*, 792 F.3d 584, 596 (5th Cir. 2015) (quoting *Pullman–Standard v. Swint*, 456 U.S. 273, 292 (1982)).

## III. Discussion

Section 2G1.3(b)(5) of the Guidelines applies an eight-level enhancement if a defendant has a base level covered by § 2G1.3(a)(4), as did Vasquez, and if "the offense involved a minor who had not attained the age of 12 years." U.S.S.G. § 2G1.3(b)(5). In the Commentary relevant to this appeal, the Guidelines define a "minor" as

> (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

*Id.* § 2G1.3 cmt. n.1. The parties agree that only the definition listed under "(A)" would apply in this case because this offense did not involve a fictitious individual invented by a law enforcement officer or a law enforcement officer presenting as a minor.

3

Vasquez argues that the district court improperly applied the eight-level enhancement under U.S.S.G. § 2G1.3(b)(5) for an offense involving a minor under twelve years of age.[3]   She contends that the enhancement in § 2G1.3(b)(5) does not apply to "a fictitious being represented to be real by an offense participant to another participant."  Vasquez also asserts that the district court based its application of the enhancement on an infant Vasquez made up and knew to be imaginary, and made no finding that there was a real infant.

The government argues that the enhancement should apply even if the district court did not find that Vasquez's offense involved a real infant.  To support applying the enhancement in this situation, the government cites cases in which circuit courts have chosen to apply similar enhancements to punish the defendant's intent, all involving undercover officers either posing as fictitious minors or proffering fictitious minors.  *See, e.g.*, *United States v. Angwin*, 560 F.3d 549, 552–53 (6th Cir. 2009); *United States v. Vance*, 494 F.3d 985, 996 (11th Cir. 2007), *superseded by regulation*, U.S.S.G. supp. app. C, Amendment 732 (Nov. 2009), *as recognized in United States v. Jerchower,* 631 F.3d 1181, 1186–87 (11th Cir. 2011).  This case does not involve either of those circumstances, which implicate definitions of "minor" not relevant to this case.  *See* § 2G1.3 cmt. n.1.

We find instructive the Eleventh Circuit's interpretation of a similar enhancement applying the same definition of "minor" involved here:

> The only part of the definition of "minor" in the commentary to U.S.S.G. § 2G2.2 that does not include the involvement of a law enforcement officer is "an individual who had not attained the age

---

[3] Vasquez no longer argues, as she did before the district court, that a two-level enhancement for use of a computer was improperly applied under U.S.S.G. § 2G1.3(b)(3).  She has therefore abandoned this argument.  *BIS Salamis, Inc. v. Dir., Office of Workers' Comp. Programs*, 819 F.3d 116, 131 n.10 (5th Cir. 2016) (noting that claim was "abandoned" where plaintiff did not "explicitly contest the denial of his claim").

of 18 years." *See* § 2G2.2 cmt. n.1(A). In other words, where the defendant is not dealing with a law enforcement officer*, the enhancement applies only where the "minor" actually is a true, real live, sure enough minor.*

*United States v. Fulford*, 662 F.3d 1174, 1181 (11th Cir. 2011) (emphasis added).[4] Applying *Fulford*'s reasoning to the applicable definition of "minor" in § 2G1.3(b)(5), we hold that the enhancement in § 2G1.3(b)(5) does not apply where the defendant solicits another person to engage in unlawful sexual activity with a fictitious minor, invented by the defendant, under twelve years of age. For the enhancement to apply under these circumstances, the minor must be a real person.

Here, Vasquez attempted to entice another person to engage in unlawful sexual activity with an alleged infant. The district court, without determining whether the infant was a real person, erroneously concluded that the enhancement applied even if the infant was fictitious. When Vasquez's counsel objected that the eight-level enhancement should not apply because the infant was fictitious, the district court responded that "whether or not the child existed is not the issue." The district court then went on to say that "you can have a fictitious minor and this is what this was, even if there was nobody that was going to give her a child, she was talking about at the very, very least a fictitious minor." This legal error infected the district court's factual findings, as the record does not clearly contain any factual findings about whether the infant Vasquez discussed was real.[5] We therefore vacate Vasquez's sentence

---

[4] *See also Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1706 (2012) (concluding that "'individual' ordinarily means '[a] human being, a person'" and "refer[s] unmistakably to a natural person" (first alteration in original) (citations omitted)); *United States v. Vargas-Duran*, 356 F.3d 598, 602 (5th Cir. 2004) (en banc) (noting that the Guidelines are interpreted according to the ordinary rules of statutory construction, including that the words of the Guidelines should be given their plain meaning absent ambiguity).

[5] The PSR stated that Vasquez "informed [Keith] that she was going to be given a newborn child," but it also noted that an FBI Agent "was unable to identify the relatives of

and remand to the district court to make additional factual findings about whether the infant was real.  Absent such factual findings in the record, we cannot determine whether the enhancement in § 2G1.3(b)(5) was properly applied.

Accordingly, we VACATE the district court's sentence and REMAND the case to the district court for further proceedings consistent with this opinion.

---

the unborn child."  The government asks the court to infer from the PSR that the district court found that the infant Vasquez discussed was real, since the district court adopted the PSR in full.  However, even if the district court's adoption of the PSR could normally stand for an implicit finding on this issue, the district court's conclusion that it need not consider whether the alleged unborn infant existed belies such an implicit finding.