# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2020

Lyle W. Cayce
Clerk

No. 19-50557
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JEFFREY ELLIS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-259-4

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:[*]

Jeffrey Ellis was sentenced to 120 months in prison after he pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine. On appeal he argues that the district court erred in denying his request for a mitigating-role adjustment under U.S.S.G. § 3B1.2. We generally review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See, e.g.*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50557

*United States v. Sanchez-Villareal*, 857 F.3d 714, 721 (5th Cir. 2017) (first citing *United States v. Vasquez*, 839 F.3d 409, 411-12 (5th Cir. 2016); and then citing *United States v. Gomez–Valle*, 828 F.3d 324, 327 (5th Cir. 2016)). However, objections to the guidelines calculations not raised in the district court are reviewed only for plain error. *See United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (quoting *United States v. Chavez–Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012)); *United States v. John*, 597 F.3d 263, 282 (5th Cir. 2010) (citing *United States v. Garza–Lopez*, 410 F.3d 268, 272 (5th Cir. 2005)).

Ellis contends that the district court analyzed his request for a § 3B1.2 adjustment improperly and failed to adequately explain its denial of the adjustment. Because these arguments are raised here for the first time, we review them only for plain error. *See Wikkerink*, 841 F.3d at 331. Ellis fails to meet the plain-error standard. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). To the extent he presents a preserved challenge to the denial itself, this claim is also unavailing. Eligibility for a § 3B1.2 adjustment is limited to defendants who show that they are "substantially less culpable than the average participant" in criminal activity. *United States v. Castro*, 843 F.3d 608, 611-13 (5th Cir. 2016). Ellis, who offered no evidence as to the culpability of other offenders, failed to make that showing. *See id.* at 613-14.

AFFIRMED.