# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-40460

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenneth Burton,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-1629-1

_____

Before Clement, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

A jury convicted Kenneth Burton of one count of conspiracy to transport an undocumented alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I), and one count of transporting or attempting to transport an undocumented alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). This appeal concerns whether the district court erred in sentencing Burton by finding he did not qualify for a

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

mitigating-role adjustment pursuant to U.S.S.G. § 3B1.2 and in denying a downward departure to a probationary sentence. We affirm.

## I.

According to the evidence adduced at trial, Burton asked a man named "Marcus" to fix his tractor-trailer (the "truck") after it broke down in Laredo, Texas. Marcus apparently could not fix the truck and referred Burton to a different shop in Laredo that did, although the truck began having trouble again several weeks later. Rather than sending Burton back to Laredo, Marcus purportedly asked Burton to meet him in McAllen, Texas, where Burton asserts that he waited for Marcus for two days. When Marcus arrived, the pair briefly left the truck unattended while they went to an AutoZone store for a tool. When they returned, Burton did not notice anything out of the ordinary, though Marcus still could not fix the truck. Frustrated, Burton decided to return to Laredo, Texas, without hauling a trailer, which "took him eventually to the Border Patrol checkpoint in Hebbronville, Texas."

At the checkpoint, United States Border Patrol officers discovered five undocumented aliens hiding throughout the truck's cabin, including within its closet, under a bed, and behind clothes. Burton testified that he neither knowingly transported the aliens nor agreed with anyone to transport them. Instead, he conjectured that a mechanic duplicated a key to his truck and then conspired with someone in McAllen to hide the aliens in the truck while Burton went to the AutoZone store with Marcus.

Pablo Domingo Banos-San Agustin, one of the aliens, identified Burton from a six-person lineup as the driver of the truck, and testified that Burton told him to get inside the truck after showing him drawings of how the aliens were to be hidden. Burton also purportedly told Banos-San Agustin to get underneath the sleeper compartment. Some of the aliens told Border

No. 23-40460

Patrol officers that they felt endangered because of the truck's cramped, hot conditions. The officers located a backpack filled with $4,000 in cash on the front passenger seat and a 9mm pistol under the driver's seat.

Burton was indicted and tried for one count of conspiracy to transport an undocumented alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I), and one count of transporting or attempting to transport an undocumented alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The jury convicted Burton on both counts but determined that Burton did not transport the aliens for commercial purposes.

Per the presentence investigation report (PSR), as revised, Burton had a total offense level of 20 and a criminal history category of I, which produced an advisory guideline sentencing range of 33 to 41 months' imprisonment. At sentencing, Burton argued for a two-level decrease in his total offense level via a minor-role adjustment pursuant to U.S.S.G. § 3B1.2. If applied, the adjustment would have decreased Burton's total offense level to 18, reducing his sentencing range to 27 to 33 months' imprisonment.

To support his requested minor-role adjustment, Burton asserted that though his role was "essential" to the enterprise, he was nonetheless a minor participant because his only role in the offenses was driving the aliens. He contended that he was less culpable than his co-conspirators who took payment from the aliens and helped smuggle them into the United States. The district court rejected Burton's request, finding that he had not "met [his] burden on role adjustment. [Burton was] the driver, the role is essential." Moreover, the court added a reckless endangerment enhancement pursuant to U.S.S.G. § 2L1.1(b)(6) because of the conditions to which he subjected the aliens.

3

Burton also requested a downward departure to a probation-only sentence. The district court denied Burton's request, noting Burton's "lack of acceptance [of responsibility]":

> [Sentencing Burton to probation] would pretty much send a message to everyone who's in custody: Go to trial. It doesn't matter if you're guilty. You can still get probation even if you've endangered someone. You don't accept responsibility and you're out on bonds violating the conditions of release.
>
> And so it's just not appropriate for so many reasons.

The court sentenced Burton to 36 months' imprisonment, in the middle of the guidelines range, after considering the 18 U.S.C. § 3553(a) factors, reviewing pictures showing how the aliens were concealed in Burton's truck, mentioning the presence of the gun, and evaluating "everything that ha[d] been presented to [the court]." Burton timely appealed.

## II.

Burton challenges his sentence, contending that the district court erred by not applying the minor-role adjustment. Burton also argues that his sentence was substantively unreasonable because the district court relied on improper factors in imposing it.

## A.

"We review the district court's interpretation and application of the [Sentencing] Guidelines de novo and its underlying factual findings for clear error." *United States v. Vasquez*, 839 F.3d 409, 411–12 (5th Cir. 2016). Relevant here, the Guidelines permit a court to decrease a defendant's offense level by two "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b); *see also United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). "Whether a defendant was a minor . . . participant is a factual determination that we review for clear

error," and "[a] factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Gomez-Valle*, 828 F.3d at 327 (alterations accepted) (quoting *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005)). "A defendant has the burden of showing that he is entitled to the adjustment." *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005) (quotations and citation omitted).

Whether to apply § 3B1.2 "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case," which also includes a review of five non-exhaustive factors outlined in the Guideline's commentary. U.S.S.G. § 3B1.2 cmt. n.3(C);[1] *cf. United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016) (noting that courts need not "expressly weigh each factor in § 3B1.2 on the record"). In 2015, the Sentencing Commission issued Amendment 794, clarifying that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive [a mitigating role] adjustment . . . if he or she is substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(C); *see also Torres-Hernandez*, 843 F.3d at 210; *Gomez-Valle*, 828 F.3d at 329.

---

[1] For reference, the five non-exhaustive factors are:

(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and] (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C).

Burton contends the district court erred by giving "determinative weight to Burton's actions being integral to the commission of the acts of the other participants" and failing to "assess Burton's culpability relative to the other participants in the offense." Burton stresses that the district court described his role in the conspiracy as "essential" and thereby applied an incorrect legal standard in denying the adjustment to his sentence.

Burton's contentions are unavailing, as the district court did not clearly err in light of the record as a whole. The sentencing court confirmed that it considered everything presented by the parties, including Burton's objection to the PSR, in which he raised the proper standard by which to assess whether he qualified for the mitigating role adjustment. The court heard oral argument on the issue at sentencing. And though Burton urges that the district court's comment that his role was "essential" demonstrated an improper application of the Guidelines, even Burton used the term in his written objection to the PSR.

Burton persists that "his relative role in the offense, once the essentialist ruling is removed, was quite debatable." But, as in the district court, he fails to show how his comparative role in the conspiracy was "substantially less culpable than the average participant in the criminal activity." U.S.S. G. § 3B1.2 cmt. n.3(C); *see also Angeles-Mendoza*, 407 F.3d at 753. Rather, he merely restates his arguments made at sentencing that others must have been involved in the conspiracy and that he was only a minor participant in the crime. Given that Burton was the enterprise's driver, testimony that Burton told at least one alien how and where to hide, and the presence of a gun and cash in his truck, we discern no error in the record before us in the district court's determination that Burton failed to

meet his burden for the § 3B1.2 adjustment. *See Angeles-Mendoza*, 407 F.3d at 753–54.[2]

## B.

Burton next contends that his sentence was substantively unreasonable because the district court was swayed by improper factors in imposing it. Burton argues that the court inappropriately gave weight to his decision to go to trial rather than plead guilty,[3] and that the court failed adequately to consider his mitigating characteristics.

"Sentences challenged for substantive reasonableness are reviewed for abuse of discretion." *United States v. Hernandez*, 876 F.3d 161, 164 (5th Cir. 2017).[4] This court's review is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the [18 U.S.C.] § 3553(a) factors with respect to a particular defendant." *Id.* at 166 (internal quotation marks and citation omitted).

---

[2] Burton heavily relies on *United States v. Sanchez-Villarreal*, 857 F.3d 714, 720–22 (5th Cir. 2017), in which this court vacated a district court's denial of a minor-role adjustment after the sentencing judge did not make findings on the role of an "average participant" and seemed to give determinative weight to the "'critical' role played by Sanchez-Villarreal." But even there, this court noted that the "mitigating-role facts are debatable" and vacated partly based on other issues. *Id.* at 722. *Sanchez-Villarreal* is thus inapposite.

[3] Burton does *not* contend that the district court imposed a "trial penalty," sentencing him more harshly than it otherwise would have because he went to trial. *See, e.g.*, *United States v. Gozes-Wagner*, 977 F.3d 323, 334–37, 345 (5th Cir. 2020). Accordingly, we limit our review to Burton's substantive reasonableness claim.

[4] Burton contends that the abuse-of-discretion standard applies because he adequately preserved his arguments in the district court. The Government responds that Burton did not preserve his arguments, such that our review is only for plain error. Because Burton's arguments fail either way, we proceed with an abuse-of-discretion analysis. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (pretermitting determination of the standard of review as unnecessary).

Sentences within the properly calculated guidelines range, as here, are presumed to be substantively reasonable, and this court will infer from such a sentence that "the district court has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006) (internal quotation marks and citation omitted). The presumption of reasonableness is rebutted only upon a showing that the sentence "does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors." *Hernandez*, 876 F.3d at 166.

In this case, the district court reviewed and considered the facts in the record, the arguments of the parties, the letters of support provided by Burton's character witnesses, and Burton's allocution. The court considered but ultimately rejected Burton's request for a downward departure to a probation-only sentence based upon his history and characteristics. The court articulated other reasons it declined to depart downward, including Burton's reckless endangerment of the aliens he transported, his refusal to accept responsibility, and his engaging in illegal activity while released on bond prior to sentencing. Moreover, though the court observed that Burton had otherwise "lived a good life," it also noted pending state charges for bond violations, e.g., admitted marihuana use while on bond, that "could have been a basis" for an above-guidelines sentence. But the court did not go there, instead sentencing Burton within the guidelines range.

All considered, Burton has not rebutted the presumption that his within-guidelines sentence is reasonable. *See United States v. Cortez-Balderas*, 74 F.4th 786, 787–88 (5th Cir. 2023). Absent such a showing, we will not "reweigh the sentencing factors and substitute our judgment for that of the district court." *Hernandez*, 876 F.3d at 167.

No. 23-40460

## III.

Because Burton fails either (A) to show that the district court erred in denying his request for a minor-participant adjustment or (B) to rebut the presumption that his within-guidelines sentence is reasonable, the sentence imposed by the district court is

AFFIRMED.